```
IN THE UNITED STATES DISTRICT COURT FOR THE
            EASTERN DISTRICT OF OKLAHOMA
```

| | |
|---|---|
| MELANIE A. FRANCIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-13-245-JHP-KEW |
| ) | |
| CAROLYN W. COLVIN, Acting ) | |
| Commissioner of Social ) | |
| Security Administration, ) | |
| ) | |
| Defendant. ) | |

### REPORT AND RECOMMENDATION

Plaintiff Melanie A. Francis (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be REVERSED and REMANDED for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was born on July 7, 1963 and was 48 years old at the time of the ALJ's decision. Claimant completed her high school education. Claimant has worked in the past as a waitress, shipping and receiving clerk, and truck unloader. Claimant alleges an inability to work beginning June 1, 2010 due to limitations resulting from arthritis resulting in pain in her head, wrist,

3

hand, fingers, hip, and foot on the right side and seizures.

## Procedural History

On June 9, 2010, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) of the Social Security Act. Claimant's application was denied initially and upon reconsideration. On December 5, 2011, an administrative hearing by video was held before Administrative Law Judge ("ALJ") Trace Baldwin. On December 15, 2011, the ALJ issued an unfavorable decision on Claimant's application. The Appeals Council denied review of the ALJ's decision on April 4, 2013. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, she retained the RFC to perform sedentary work with numerous limitations.

## Error Alleged for Review

Claimant asserts the ALJ committed error in (1) failing to fully and fairly develop the record; (2) failing to consider all of Claimant's severe impairments; (3) reaching an improper RFC determination; and (4) making erroneous findings at step five.

## Development of the Medical Record

In his decision, the ALJ determined Claimant suffered from the severe impairments of degenerative joint disease of the right hip status post total arthroplasty, depression secondary to her medical condition, rheumatoid arthritis by history; and hearing loss. (Tr. 21). She also found Claimant retained the RFC to perform sedentary work. In so doing, the ALJ found Claimant retained the RFC to lift/carry 10 pounds occasionally and less than 10 pounds frequently, stand/walk for 2 hours in an 8 hour workday and sit for 6 hours in an 8 hour workday. Claimant was found to have the unlimited ability to push/pull including the operation of hand/foot controls with the left foot only. She could occasionally climb ramps and stairs, never climb ladders, ropes, or scaffolding, occasionally balance, stoop, kneel, crouch, and crawl. She had no manipulative or visual limitations. She had the limited ability to hear, which would preclude working in environments where audible warning systems are used, around equipment or machinery, etc. The ALJ determined Claimant was required to have a sit/stand option at will and must not use the right leg to operate foot controls. Due to psychologically based factors, Claimant could perform simple tasks with routine supervision, could relate to supervisors and peers on a superficial work basis, could not relate to the general

5

public, and could adapt to a work situation. (Tr. 26). After consultation with a vocational expert, the ALJ found Claimant could perform the representative jobs of optical disc assembler, clerical mailer, and semi conductor assembler, all of which the vocational expert determined existed in sufficient numbers in the national and regional economies. (Tr. 33). The ALJ took issue with certain questioning of the vocational expert by Claimant's representative because he asked hypothetical questions which the ALJ determined included limitations which were not supported by the record. Id.

Claimant first contends the ALJ failed to fully and fairly develop the medical record by (1) sending a form to Dr. Tonya Phillips to ascertain if Claimant had received treatment for a mental disorder but never following up on her seizure disorder for which Dr. Phillips rendered treatment to Claimant; (2) failing to obtain information from Claimant's physicians concerning the level of functional limitation her impairments caused; and (3) failing to obtain a consultative examination.

This Court is at a loss as to why the ALJ sent a form to Dr. Phillips, a neurologist, to determine whether Claimant was receiving treatment for a mental condition when Dr. Phillips was clearly treating Claimant for seizures, head pain, memory difficulties, spells, and blanking out. (Tr. 221, 272). Dr.

Phillips restricted Claimant from driving or "perform[ing] any activity that would endanger her should she have a seizure." (Tr. 272). Medication was not adequately treating the condition. (Tr. 272-73).

The ALJ concluded "[t]here is no evidence of record that the claimant experiences any work related limitations as a result of . . . possible seizures." (Tr. 23). This finding is counterintuitive in light of Dr. Phillps' restrictions on driving or engaging in any activity during which a seizure might occur. Generally, the burden to prove disability in a social security case is on the claimant, and to meet this burden, the claimant must furnish medical and other evidence of the existence of the disability. Branam v. Barnhart, 385 F.3d 1268, 1271 (10th Cir. 2004) citing Bowen v. Yuckert, 482 U.S. 137, 146 (1987). A social security disability hearing is nonadversarial, however, and the ALJ bears responsibility for ensuring that "an adequate record is developed during the disability hearing consistent with the issues raised." Id. quoting Henrie v. United States Dep't of Health & Human Services, 13 F.3d 359, 360-61 (10th Cir. 1993). Further, the "ALJ has a basic duty of inquiry, 'to inform himself about facts relevant to his decision and to learn the claimant's own version of those facts.'" Thompson v. Sullivan, 987 F.2d 1482, 1492 (10th Cir.

7

1993). The ALJ is required to ask enough questions to ascertain "'(1) the nature of a claimant's alleged impairments, (2) what on-going treatment and medication the claimant is receiving, and (3) the impact of the alleged impairment on a claimant's daily routine and activities.'" Id. This ALJ was obligated to inquire further into Claimant's seizure condition and the effect it might have upon her ability to engage in basic work activities. On remand, he shall make the appropriate inquiry. Additionally, the ALJ should re-examine the record to determine whether he had adequate evidence of the effect of Claimant's physical impairments upon her functional abilities. If that requires the employment of a consultative examiner in his opinion, the ALJ shall take the steps necessary to determine the totality of Claimant's functional limitations by appointing such an examiner.

### Step Two Determination

Claimant also contends the ALJ failed to include all of her impairments at step two; namely, the seizure disorder. This Court has required the ALJ to make further inquiry into this condition. He shall also consider whether he should have included the condition as a severe impairment at step two.

### RFC Determination

Claimant contends the ALJ did not include limitations in his

8

RFC assessment to take all of her physical and seizure impairments into consideration. Since the ALJ must re-evaluate these conditions on remand, he should also consider whether the limitations caused by these impairments would alter his RFC evaluation.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **REVERSED and the matter REMANDED** for further proceedings consistent with this Order. The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 12th day of September, 2014.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE